UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ROWLEY,

                Petitioner,

v.

RON HAYNES,

                Respondent.

Case No. C19-5435-BHS-TLF

REPORT AND RECOMMENDATION

Noted for September 4, 2020

This matter comes before the Court on Mr. Rowley's petition for writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the legality of his conviction for the crime of child molestation in the first degree. Dkt. 1. Mr. Rowley presents one ground for *habeas* relief: (1) "[t]he State violated Mr. Rowley's Due Process rights by the bad faith destruction of evidence. The State court decision was an unreasonable application of controlling precedent." *Id.* In addition, Mr. Rowley has requested an evidentiary hearing or discovery in this matter.[1] For the reasons set forth below, the undersigned recommends that the request for an evidentiary hearing be DENIED, and that the petition be DISMISSED. Also for the reasons set forth below, the undersigned recommends that issuance of the certificate of appealability (COA) be DENIED as well.

BACKGROUND

I. Statement of Facts

The Washington Court of Appeals summarized the facts relevant to this matter as follows:

> In 2008, a 10-year-old girl told her parents and her
> grandmother that Rowley had sexually touched her while she was

---

[1] The Court notes that it does not appear the petitioner specifically requested an evidentiary hearing in his petition but he does specifically request such a hearing in his reply. *See* Dkts. 1, 11.

REPORT AND RECOMMENDATION - 1

> asleep on a couch in her grandmother's basement. *See State v. Rowley*, noted at 195 Wn. App. 1017, 2016 WL 3982957, at *1, *review denied*, 186 Wn.2d 1028 (2016). An unsmoked Marlboro cigarette was found at the scene and seized by the police. It was not submitted to a crime laboratory for analysis because the police did not believe it had any evidentiary value. During his retrial proceedings in 2015, Rowley's attorney learned that the police had destroyed the cigarette in 2013.
> 
> Rowley declares that he never touched that cigarette but that his brother, Jon Rowley, had Marlboro cigarettes in the house the night of the incident.

Dkt. 8, Exh. 2 (Opinion, Court of Appeals Cause No. 51244-1-II, at 1-2; *Matter of Rowley*, No. 51244-1-II, 2018 WL 4091736, at *1 (Wash. Ct. App. Aug. 28, 2018)).

II. State Court Procedural History

Mr. Rowley was initially convicted in 2008 of the crime of child molestation in the first degree. *See In re Rowley*, 179 Wash. App. 1055 (2014). Mr. Rowley's first conviction was overturned in 2014 on collateral review based on the finding that "the attorney who represented him during the direct appeal of his conviction provided him with constitutionally ineffective assistance because the attorney did not assign error to the incomplete court closure analysis employed by the trial court prior to questioning jurors in chambers." *Id.*

Mr. Rowley was subsequently convicted a second time of the same crime by a jury following a new trial, and the superior court entered the current judgment and sentence on March 10, 2015. Dkt. 8, Exh. 1. He appealed from the 2015 judgment and sentence to the Washington Court of Appeals. *Id.*, Exhs. 3, 4 (Briefs of Appellant and Respondent, Court of Appeals Cause No. 47282-1-II). The Washington Court of Appeals, Division I, issued an opinion affirming the judgment and sentence. *Id.*, Exh. 5 (Opinion, Court of Appeals Cause No. 75239-1-I). Mr. Rowley sought review by the Washington Supreme Court. *Id.*, Exh. 6 (Petition for Review, Supreme Court Cause No. 93470-3). The Washington Supreme Court

denied review without comment on December 7, 2016. *Id.*, Exh. 7, (Order, Supreme Court Cause No. 93470-3).

In December 2017, Mr. Rowley filed a personal restraint petition in the Washington Court of Appeals, raising his current habeas claim. *Id.*, Exh. 8, (Personal Restraint Petition, Court of Appeals Cause No. 51244-1-II), Exh. 9 (State's Response to Personal Restraint Petition, Court of Appeals Cause No. 51244-1-II), Exh. 10 (Reply in Support of Personal Restraint Petition, Court of Appeals Cause No. 51244-1-II). The Washington Court of Appeals denied the personal restraint petition. *Id.*, Exh. 2. Mr. Rowley sought review by the Washington Supreme Court. *Id.*, Exh. 11 (Motion for Discretionary Review, Supreme Court Cause No. 96343-6). He presented the following issue to the court: "Does the State's destruction of a cigarette butt while Rowley's prior successful PRP [sic] merit an evidentiary hearing?" *Id.*, Exh. 11, at 1. The Commissioner denied review. *Id.*, Exh. 12 (Ruling Denying Review, Supreme Court Cause No. 96343-6).

Mr. Rowley moved to modify the Commissioner's ruling. *Id.*, Exh. 13 (Motion to Modify, Supreme Court Cause No. 96343-6). The Washington Supreme Court denied the motion to modify without comment on April 3, 2019. *Id.*, Exh. 14 (Order, Supreme Court Cause No. 96343-6). The state court issued a certificate of finality on April 9, 2019. *Id.*, Exh. 15 (Certificate of Finality, Court of Appeals Cause No. 51244-1-II). Mr. Rowley then filed the instant habeas petition. Dkt. 1.

### EVIDENTIARY HEARING

Petitioner contends the Court should either grant his petition or hold an evidentiary hearing and grant him discovery in order to address his due process claim. Dkts. 1, 11. In determining whether relief is available under 28 U.S.C. § 2254(d)(1) or (2), the Court's review is limited to the record before the state court. *Cullen v.*

REPORT AND RECOMMENDATION - 3

*Pinholster*, 563 U.S. 170 (2011). An evidentiary hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

As discussed below, the claim petitioner properly presented to the state courts was adjudicated on the merits, and the state courts' rejection of the claim was neither contrary to or an unreasonable application of clearly established Supreme Court law or based upon an unreasonable determination of the facts given the record. Under these circumstances, this court is barred from conducting an evidentiary hearing to further develop the facts on petitioner's claims. *Pinholster*, 563 U.S. at 185 ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) on the record that was before the state court.")[2]; s*ee also Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) ("Although the Supreme Court has declined to decide whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied . . . an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief.") (internal quotation marks and citation omitted).

---

[2] The *Pinholster* limitation also applies to claims brought under § 2254(d)(2). *See Gulbrandson v. Ryan*, 738 F.3d 976, 993, n. 6 (9th Cir. 2013) ("*Pinholster* and the statutory text make clear that this evidentiary limitation is applicable to § 2254(d)(2) claims as well. *See* § 2254(d)(2) (allowing for habeas relief if the state court decision 'was based on an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding.*') (emphasis added); *Pinholster*, 131 S.Ct. at 1400 n. 7 (comparing (d)(1) to (d)(2) and stating that (d)(1) 'also is plainly limited to the state-court record.') (emphasis added)").

REPORT AND RECOMMENDATION - 4

Here, as discussed below, the Court concludes petitioner is not entitled to relief and the habeas claims may be resolved by review of the existing record without further discovery; accordingly no evidentiary hearing is required because petitioner's allegations do not entitle him to habeas relief. The Court concludes any request for evidentiary hearing or discovery should be denied. *See also Kemp v. Ryan*, 638 F.3d 1245, 1260 (9th Cir. 2011) (When a habeas petitioner is not entitled to an evidentiary hearing, then the petitioner's request for discovery is futile, and the court does not abuse its discretion in denying it.).

## EXHAUSTION OF STATE COURT REMEDIES

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Here, petitioner appears to have presented his claim to the Washington Supreme Court and thus exhausted his state court remedies. Petitioner's claim, therefore, will now be reviewed on the merits.

## DISCUSSION

I. Standard of Review

A *habeas corpus* petition filed under 28 U.S.C. § 2254:

> [S]hall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

REPORT AND RECOMMENDATION - 5

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" the Supreme Court's "clearly established precedent if the state court applies a rule that contradicts the governing law set forth" in the Supreme Court's cases. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams*, 529 U.S. at 405-06). It also is contrary to the Supreme Court's clearly established precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, "and nevertheless arrives at a result different from" that precedent. *Id.*

A state court decision involves an "unreasonable application" of the Supreme Court's clearly established precedent if: (1) the state court "identifies the correct governing legal rule" from the Supreme Court's cases, "but unreasonably applies it to the facts" of the petitioner's case; or (2) the state court "unreasonably extends a legal principle" from the Supreme Court's precedent "to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. The state court decision, however, must be "more than incorrect or erroneous." *Lockyer*, 538 U.S. at 75. That is, "[t]he state court's application of clearly established law must be objectively unreasonable." *Id.*; *see also Schriro*, 550 U.S. at 473.

This is a "'highly deferential standard," which "demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists

REPORT AND RECOMMENDATION - 6

1  could disagree' on the correctness of the state court's decision.'" *Harrington v. Richter*,
2  562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 662, 664 (2004)).
3  "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice
4  systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102
5  (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in
6  judgment)). "As a condition for obtaining habeas corpus from a federal court," therefore,
7  " a state prisoner must show that the state court's ruling on the claim being presented
8  was so lacking in justification that there was an error well understood and
9  comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.*
10 at 103.

11      A *habeas* petition also may be granted "if a material factual finding of the state
12 court reflects 'an unreasonable determination of the facts in light of the evidence
13 presented in the State court proceeding.'" *Juan H. v. Allen*, 408 F.3d 1262, 1270 n.8
14 (9th Cir. 2005) (quoting 28 U.S.C. § 2254(d)(2)). A state court's factual determination is
15 "presumed to be correct," though, and the petitioner has "the burden of rebutting the
16 presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).
17 As such, a district court "may not simply disagree with the state court's factual
18 determinations," but rather it must "conclude" that those determinations did not have
19 even "fair support" in the state court record. *Thatsaphone v. Weber*, 137 F.3d 1041,
20 1046 (8th Cir. 1998).

21      "[W]hether a state court's decision was unreasonable" also "must be assessed in
22 light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652
23 (2004); *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003). The district court's review

24

25

REPORT AND RECOMMENDATION - 7

1  "focuses on what a state court knew and did," and the state court's decision is
2  "measured against [the Supreme] Court's precedents as of 'the time the state court
3  renders its decision.'" *Cullen*, 563 U.S. at 182 (quoting *Lockyer v. Andrade*, 538 U.S. 63,
4  71-72 (2003)); *see also Greene v. Fisher*, 132 S.Ct. 38, 44 (2011). In addition, "federal
5  habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S.
6  62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court
7  determinations on state-law questions.") (quoting *Lewis v. Jeffers*, 487 U.S. 764, 780
8  (1990)). The error, furthermore, must have "had substantial and injurious effect or
9  influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637
10 (1993) (quoting *Katteakos v. United States*, 328 U.S. 750, 776 (1946)) (*habeas*
11 petitioners "are not entitled to habeas relief based on trial error unless they can
12 establish that it resulted in 'actual prejudice.'") (quoting *United States v. Lane*, 474 U.S.
13 438, 449 (1986)).

14 In considering a habeas petition, a federal court reviews the "last reasoned
15 decision" from the state court. Where the final state court decision contains no
16 reasoning, the court looks to the last decision from the state court that provides a
17 reasoned explanation of the issue. *See Shackleford v. Hubbard*, 234 F.3d 1072, 1079
18 n.2 (9th Cir. 2000). Where no state court decision articulates its underlying reasoning,
19 "the habeas petitioner's burden still must be met by showing there was no reasonable
20 basis for the state court to deny relief. . . ." *Harrington v. Richter*, 562 U.S. 86, 98
21 (2011). When the state courts fail to provide reasoning for its decisions, a federal court
22 must independently review the record and ascertain whether the state court's decision
23 was objectively unreasonable." *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013)

24
25

1  (citation and internal quotation marks omitted)." "Crucially, this is not a de novo review
2  of the constitutional question. Rather, even a strong case for relief does not mean the
3  state court's contrary conclusion was unreasonable." *Id.* (citations and internal quotation
4  marks omitted).

5      Finally, a federal court's review of a habeas claim is limited to the facts before the
6  state court and the petitioner is not entitled to an evidentiary hearing in federal court.
7  *See Cullen v. Pinholster*, 131 S. Ct.1388, 1398 (2011). "An evidentiary hearing may be
8  appropriate after *Pinholster* only if the district court first determines that the state court
9  made an unreasonable application of federal law or made an unreasonable
10 determination of facts based on the record before it." *Grecu v. Evans*, No. 07-0780-
11 EMC, 2014 WL 5395783, at *17 (N.D. Cal. Oct. 22, 2014) (unreported).

12 II.  <u>Petitioner's Claim for Habeas Relief</u>

13     The Constitution requires "disclosure only of evidence that is both favorable to
14 the accused and 'material either to guilt or to punishment.'" *United States v. Bagley*, 473
15 U.S. 667, 674 (1985) (*citing Brady v. Maryland*, 373 U.S. 83, 87 (1963)). When the
16 State suppresses or fails to disclose material exculpatory evidence, the good or bad
17 faith of the prosecution is irrelevant: a due process violation occurs whenever such
18 evidence is withheld. *Illinois v. Fisher*, 540 U.S. 544, 547 (2004) (*citing Brady*, 373 U.S.
19 83). Evidence is material "only if there is a reasonable probability that, had the evidence
20 been disclosed to the defense, the result of the proceeding would have been different."
21 *Bagley*, 473 U.S. at 682. The exculpatory nature of the evidence must have been
22 apparent before the evidence was destroyed. *California v. Trombetta*, 467 U.S. 479
23 (1984).

24
25

Where lost or destroyed evidence is merely "potentially useful evidence" as opposed to material exculpatory evidence, there is no due process violation without a showing that the State acted in bad faith. *Fisher*, 540 U.S. at 547-48. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). The police or the prosecutor do not violate due process in failing to preserve "evidentiary material of which no more can be said that it could have been subjected to tests, the results of which might have exonerated the defendant." *Youngblood*, 488 U.S. at 57 (noting an "unwillingness to read the 'fundamental fairness' requirement of the Due Process Clause ... as imposing on the police an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution"). As the Supreme Court has explained:

> [R]equiring a defendant to show bad faith on the part of the police both limits the extent of the police's obligation to preserve evidence to reasonable bounds and confines it to that class of cases where the interests of justice most clearly require it, i.e., those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant.

*Youngblood*, 488 U.S. at 58 ("We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.").

Bad faith can be demonstrated where there is evidence in the record of "official animus towards [a defendant] or of a conscious effort to suppress exculpatory evidence." *Trombetta*, 467 U.S. 479, 488. The presence or absence of bad faith turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed. *Youngblood*, 488 U.S. at 56 n.*; *see also Grisby v. Blodgett*, 130 F.3d 365, 371 (9th Cir. 1997). "'The mere failure to preserve evidence

REPORT AND RECOMMENDATION - 10

1  which could have been subjected to tests which might have exonerated the defendant
2  does not constitute a due process violation.'" *Phillips v. Woodford*, 267 F.3d 966, 987
3  (9th Cir. 2001) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1455 (9th Cir.
4  1997)); *see also Youngblood*, 488 U.S. at 57; *Avalos v. Montgomery*, No.
5  CV1408463VAPGJS, 2017 WL 2374721, at *5–6 (C.D. Cal. Apr. 19, 2017), *report and*
6  *recommendation adopted*, No. CV 14-8463-VAP (GJS), 2017 WL 2369358 (C.D. Cal.
7  May 30, 2017).

      In denying review of Mr. Rowley's personal restraint petition, the Washington Supreme Court found the following:

> Through counsel, Mr. Rowley asks this court to review whether his claim that the State destroyed exculpatory evidence requires a reference hearing. In this case, the victim had told her parents that Mr. Rowley had sexually touched her while she was asleep on a couch in her grandmother's basement. Police found and seized an unsmoked Marlboro cigarette at the scene. Police did not submit the cigarette for forensic analysis because it was unsmoked and thus police believed it had no potential evidentiary value. Just before the start of Mr. Rowley's new trial, defense counsel moved to dismiss, stating that the defense had just learned that the State had destroyed the cigarette after the first trial. The trial court denied the motion. Mr. Rowley declares that he never touched that cigarette but that his brother, Jon Rowley, had Marlboro cigarettes in the house the night of the incident. He contends that a "touch DNA" forensic test would have demonstrated that his brother had touched the cigarette left at the scene.
>     Under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and *California v. Trombetta*, 467 U.S. 479, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984), the State has a duty under federal due process principles to disclose material exculpatory evidence to the defense and a related duty to preserve such evidence for use by the defense. *State v. Wittenbarger*, 124 Wn.2d 467, 474-75, 880 P.2d 517 (1994). This duty also exists under the Washington Constitution. *Id.* at 474. Failure to preserve only potentially useful evidence does not constitute a denial of due process unless the defendant can show bad faith on the State's part. *Id.* at 477. But if the State fails to disclose or preserve material exculpatory evidence, the trial court must dismiss the charges. *Id.* at 475. To constitute material exculpatory evidence, the evidence must both possess an

> exculpatory value that was apparent before it was destroyed and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *Id.*
>
> Here, the cigarette had minimal, if any, exculpatory value independent of forensic testing, and no forensic testing occurred. *See Arizona v. Youngblood*, 488 U.S. 51, 57-58, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988) (evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant, is not material exculpatory evidence). Mr. Rowley was aware of the cigarette's existence at the first trial and made no effort to subject it to independent forensic analysis. This is a strong indication he believed from the outset that it had no forensic value and now only seeks to use the destruction of the cigarette as a "gotcha" means of relief. The Court of Appeals correctly held that Mr. Rowley has demonstrated neither that the cigarette had any apparent evidentiary value when it was destroyed nor that the State destroyed it in bad faith.
>
> Mr. Rowley argues that he has at least presented a prima facie case for an evidentiary hearing. But a reference hearing is needed only when the claim cannot be resolved on the record provided. RAP 16.11 (b). The petitioner must provide competent, admissible evidence that supports the facts stated in the petition that would entitle him to relief. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 18, 296 P.3d 872 (2013). Here, there is no material dispute that the cigarette existed and that it was destroyed after the first trial. But there is no competent, admissible evidence either that the State knew the cigarette constituted exculpatory evidence or that it exercised bad faith in the destruction.

The state appellate courts reasonably determined that the unsmoked cigarette was not material exculpatory evidence. The unsmoked cigarette in this case squarely meets the description provided in *Arizona v. Youngblood*, (488 U.S. 51, 57-58, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988)) of evidence that is *not* of a material exculpatory nature in that it is "evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant[.]" *Youngblood*, 488 U.S. at 57-58.

Thus, in order to establish a Due Process violation, petitioner had to demonstrate bad faith on the part of the State. The state appellate courts further reasonably determined that the petitioner failed to demonstrate the State knew the cigarette

REPORT AND RECOMMENDATION - 12

constituted exculpatory evidence or that it acted in bad faith in destroying the cigarette. Specifically, the only evidence in the record regarding the destruction of the cigarette was that it was destroyed by the Sheriff's Office in a routine evidence purge after Mr. Rowley's direct appeal on his first conviction was complete, but before his personal restraint petition, resulting in the reversal of his first conviction on ineffective assistance/public trial grounds, was ultimately decided. Dkt. 8, Exh. 2, Exh. 8, at 125. Mr. Rowley cites no clearly established Supreme Court precedent stating that such circumstances, in and of themselves, imply bad faith on the part of the State. Rather, the existing case law tends to indicate that the destruction of evidence under similar (albeit not identical) circumstances does not, without more, show or imply bad faith. *See, e.g., Fisher*, 540 U.S. 544 (destruction of evidence 11 years after defendant was charged with crime did not violate due process even where the evidence was the subject of a discovery request); *Gisby v. Blodgett*, 130 F.3d 365, 371 (9th Cir. 1997) (destruction of evidence nine years after trial which defendant claimed if tested for blood might have exculpated him did not violate due process even though destruction was technically in violation of pretrial order; the court noted that defendant had had plenty of opportunity to subject the evidence to testing and did not do so and there was otherwise no showing of bad faith).

     Here, the only evidence in the record regarding the destruction of the cigarette is the assertion that it was destroyed in a standard evidence purge. Dkt. 8, Exh. 2, Exh. 8, at 125. Mr. Rowley offered no evidence, beyond pure speculation, to counter the assertion that the cigarette was destroyed in a standard evidence purge, to show the state was aware the cigarette had any apparent exculpatory value or to otherwise

REPORT AND RECOMMENDATION - 13

indicate the State acted in bad faith. *See Phillips v. Woodford*, 267 F.3d 966, 987 (9th Cir. 2001) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1455 (9th Cir. 1997) ("'The mere failure to preserve evidence which could have been subjected to tests which might have exonerated the defendant does not constitute a due process violation.'"). Furthermore, the Court cannot conclude it was unreasonable for the state appellate courts to consider the fact that Mr. Rowley had been aware of the cigarette's existence at the first trial and made no effort to subject it to independent forensic analysis as indicating that he himself believed the cigarette had no real forensic value. *See, e.g., generally Gisby*, 130 F.3d 365, 371.

      Mr. Rowley also cites no clearly established Supreme Court precedent holding that the state court is required under federal law to hold a reference hearing under circumstances such as those presented in this case. The Court notes that it appears the petitioner did not meet the requirements under *state* law for a reference hearing as he does not substantially dispute the finding that he presented no competent, admissible evidence supporting the facts stated in the petition that would have entitled him to relief. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 18, 296 P.3d 872 (2013). Regardless, however, an inquiry regarding the proper application of *state law* is beyond this Court's purview. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law. […] [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (quoting *Lewis v. Jeffers*, 487 U.S. 764, 780 (1990)).

      Accordingly, the Court finds Mr. Rowley fails to demonstrate the state courts' conclusion on this issue was contrary to, or an unreasonable application of, clearly

established federal law, or was an unreasonable determination of the facts in light of the evidence presented. Mr. Rowley's habeas petition should be denied.

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in

REPORT AND RECOMMENDATION - 15

a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **September 4, 2020**, as noted in the caption.

Dated this 17th day of August, 2020.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16