1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES C. ROWLEY,

                             Petitioner,

   v.

RON HAYNES,

                            Respondent.

CASE NO. C19-5435 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 12, and Petitioner James Rowley's ("Rowley") objections to the R&R, Dkt. 13.

On August 17, 2020, Judge Fricke issued the R&R recommending that the Court deny Rowley's request for an evidentiary hearing and his petition.  Dkt. 12.  On August 25, 2020, Rowley filed objections.  Dkt. 13.  On September 8, 2020, the State responded. Dkt. 14.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

1    modify the recommended disposition; receive further evidence; or return the matter to the

2    magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

3       In this case, Rowley presents two objections. First, he objects to the denial of an

4    evidentiary hearing because he has never been afforded the opportunity to discover

5    evidence of bad faith. Rowley's claim is based on the State's destruction of a cigarette

6    that was found at the crime scene. Because the evidence is not material, Rowley is

7    required to show that the State acted in bad faith when it destroyed it. *Arizona v.*

8    *Youngblood*, 488 U.S. 51, 58 (1988) ("unless a criminal defendant can show bad faith on

9    the part of the police, failure to preserve potentially useful evidence does not constitute a

10    denial of due process of law."). Rowley requests an evidentiary hearing to discover such

11    evidence of bad faith. Judge Fricke denied Rowley's request because Rowley's claim for

12    relief may be denied on the existing record. Dkt. 12 at 5. The Court agrees. The

13    evidence in the record shows that the State destroyed the cigarette during a routine

14    evidence purge. Beyond pure speculation, Rowley provides no allegation or fact to

15    discredit, undermine, or even question the State's position. Thus, Rowley has failed to

16    establish any need for an evidentiary hearing because his claim may be decided on the

17    record. *See, e.g.*, *Phillips v. Woodford*, 267 F.3d 966, 987 (9th Cir. 2001) (denying

18    evidentiary hearing and destruction of evidence claim when petitioner made "no

19    colorable showing, or indeed any showing at all," that the State acted in bad faith).

20       Second, Rowley argues that the state court's adjudication of his claim was

21    erroneous because it relied on an undeveloped record. This objection is without merit

22    because Rowley has failed to establish any need to further develop the record. Therefore,

the Court having considered the R&R, Rowley's objections, and the remaining record, does hereby find and order as follows:

(1)     The R&R is **ADOPTED**;

(2)     Rowley is **DENIED** an evidentiary hearing;

(3)     Rowley's petition is **DENIED**;

(4)     A Certificate of Appealability is **DENIED**; and

(5)     The Clerk shall enter a JUDGMENT and close the case.

Dated this 21st day of October, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge